SECURITY SAVINGS BANK, APPELLEE, V. WALTER H. RHODES, APPELLANT.

FILED NOVEMBER 26, 1921.  No. 21727.

1. **Banks and Banking: POWERS OF PRESIDENT.** The president of a bank has no authority, springing from his official position, to make an agreement that the liability of a party on commercial paper payable to the bank shall never be enforced.

2. **Evidence: WRITTEN CONTRACTS: PAROL EVIDENCE.** When a written contract has been unconditionally delivered in the sense that it is intended to take effect as a legal obligation, a contemporaneous oral agreement, providing that the contract is not to be performed if a certain condition or contingency occurs, cannot be shown, as such testimony would have the effect of adding to, varying or contradicting the express terms contained in the writing.

3. ————: **NOTES: PAROL EVIDENCE.** Where defendant signed and delivered a note to a bank, making it payable to the bank, and received the face value of the note in money, *held*, in an action to recover on the note by the bank, that the defendant could not show a contemporaneous oral agreement between himself, the bank and a third party, that the defendant was not to be held responsible upon the note, and that the third party was to pay it.

4. **Cases Criticized.** The opinion in *Barnett v. Pratt*, 37 Neb. 349, discussed and criticized, and the decisions in *First Nat. Bank v. Burney*, 91 Neb. 269, and *Exchange Bank of Ong v. Clay Center State Bank*, 91 Neb. 835, so far as inconsistent with the principles herein announced, are overruled.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*Edward R. Burke,* for appellant.

*F. W. Fitch, contra.*

Heard before MORRISSEY, C. J., ALDRICH, FLANSBURG and ROSE, JJ., BUTTON and COLBY, District Judges.

FLANSBURG, J.

This was an action by the plaintiff, Security Savings Bank, against the defendant, Walter H. Rhodes, upon a promissory note, signed by the defendant and payable to

the plaintiff. The defendant answered, admitting the execution of the note, but alleged that it was orally agreed that another person, not named in the note, should be held responsible, and that defendant should not be required to pay it. The court held that the answer of the defendant was insufficient and entered judgment on the pleadings. From this judgment the defendant appeals. The sole question is whether or not the answer, setting up such an agreement, pleads a legal defense.

The answer alleges that the defendant rendered certain services for the plaintiff bank and for one Davis, president of the plaintiff bank. What proportion of the services was rendered for the bank is not stated, but much the greater part appears to have been for Davis individually. In any event, it is alleged, Davis took it upon himself to pay the defendant what was owing him, some $2,700, and arranged that the defendant should make out and sign a note in that amount, payable to the bank, deliver it to the bank and receive upon it its face value. This was done. It is further alleged that Davis made an oral agreement with the defendant that the defendant would not be required to pay the note, but that Davis would pay it, and, in order to insure payment by Davis, Davis gave his note to the defendant in a like amount. It is further alleged that the bank knew of this oral agreement. The allegations of the answer in that respect are, however, somewhat indefinite. What other officers of the bank knew of the transaction is not alleged. It may have been that the pleader meant no more than a legal conclusion that the bank was charged with knowledge because of the knowledge of the facts by its president. It appears from the pleadings that the note became due and was not paid.

If the bank had no knowledge of the transaction, it of course would not be bound by the agreement made by its president, to the effect that a note, based upon a good consideration and taken by the bank, should not be paid. *Kennedy v. Otoe County Nat. Bank*, 7 Neb. 59; note, 28

L. R. A. n. s. 501.

Assuming, however, that the allegations in the answer are allegations of ultimate facts and are sufficient to show that the plaintiff bank had knowledge of the oral agreement, the question presented is whether or not such an oral agreement could properly be proved, or whether the testimony to that end would be incompetent as evidence tending to vary or contradict the express terms of the written instrument.

Although parol evidence may be admissible to show the consideration of a written contract when that consideration is expressed as a recital of a receipt, as distinguished from a complete contractual stipulation (*Mattison v. Chicago, R. I. & P. R. Co.,* 42 Neb. 545; *Spiegal & Son v. Alpirn,* p. 233, *post*); or to show a want or failure of consideration (*Davis v. Sterns,* 85 Neb. 121; *Norman v. Waite,* 30 Neb. 302); or to show that an instrument, purporting to be a written contract, is in fact a sham and was never intended as a contract between the parties (*Coffman v. Malone,* 98 Neb. 819, and note, L. R. A. 1917B, 263); or to show that the written instrument was conditionally delivered upon an oral agreement that it should not take effect as a contract until some condition had happened (*Musser v. Musser,* 92 Neb. 387); yet, on the other hand, when a written contract has been unconditionally delivered, in the sense that it is intended to take effect as a legal obligation, a contemporaneous oral agreement, providing that the contract is not to be performed if a certain condition or contingency should occur, cannot be shown, as such proof would have the effect of adding to, varying or contradicting the express terms contained in the writing.

The rule is succinctly stated in 22 C. J. 1148, sec. 1540, as follows: "The rule excluding parol evidence has no place in any inquiry unless the court has before it some ascertained paper beyond question binding and of full effect, and hence parol evidence is admissible to show conditions relating to the delivery or taking effect of the

instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing."

For an able and exhaustive discussion of that rule and the authorities in relation thereto, see note, L. R. A. 1917C, 306.

In this case the written contract was an agreement that the defendant would pay on a fixed day, absolutely, a certain sum of money. Its express terms could have had no other meaning. The note was delivered to the bank and the defendant received the proceeds thereof. The agreement did not lack in consideration. That it was a subsisting contract must be conceded. By the very agreement sought to be proved Davis was to be responsible and pay it, and the defendant was to be relieved from that obligation. The bank was looking to the payment of the note. Evidence of such an oral agreement, as is set up by the answer, is inadmissible, as its effect would be to vary, by parol, the express terms of the note. *Van Etten v. Howell,* 40 Neb. 850; *Aultman, Miller & Co. v. Hawk,* 4 Neb. (Unof.) 582; *Nebraska Exposition Ass'n v. Townley,* 46 Neb. 893; *Western Mfg. Co. v. Rogers,* 54 Neb. 456; *Waddle v. Owen,* 43 Neb. 489; *Colvin v. Goff,* 82 Or. 314, and note, L. R. A. 1917C, 307; 22 C. J. 1152, sec. 1542.

The defendant finds some support in certain decisions of this court which we find it necessary to discuss. In the case of *First Nat. Bank v. Burney,* 91 Neb. 269, the

defendant Britton signed a promissory note with one Burney, and, in an action upon the note, he set up as a defense an oral agreement that Burney was to pay the plaintiff all the proceeds of the sale of certain live stock; that, if Burney applied such proceeds upon the note, defendant's obligation was to then expire. Burney, however, did not so apply the proceeds of the sale and discharge the note, but, it was alleged, plaintiff allowed him to squander the money so received. It was not denied that the note had been signed and delivered, and was, in fact, a note and at least binding as such upon Burney. In our opinion the testimony' of an oral agreement, to the effect that the note was to be paid out of a certain fund only, was an attempt to contradict, by parol, the express terms and clear legal import of the written instrument, and such testimony should have been excluded as incompetent. The original opinion in that case (*First Nat. Bank v. Burney,* 90 Neb. 432), as we view it, should be adhered to.

The case of *Exchange Bank of Ong v. Clay Center State Bank,* 91 Neb. 835, is also relied upon by the defendant. In that case, the plaintiff bank transferred a note to the defendant bank and indorsed it "without recourse." The defendant bank was allowed to prove a parol agreement to the effect that the plaintiff bank had agreed to guarantee payment of the note. There were other phases of the record which might have led to the decision rendered. The assignment of the note appears to have been a sham assignment and merely for the purpose of falsifying the bank records at a time when a visit from the bank examiner was expected. There was also a letter which accompanied the note at the time it was sent to the defendant bank, and this letter contained an indefinite reference to some agreement which might have been sufficient to introduce an ambiguity and allow of the introduction of parol testimony in explanation thereof. But the decision was not based upon those grounds. The opinion recognizes the contract of the assignment of the

note to the bank as a subsisting contract. By its express terms, the assignment was "without recourse," and the testimony to prove a parol contract of guaranty, in direct contradiction of the terms of the written assignment, should have been held incompetent. To that extent the decision in that case is overruled.

In that case reference is made to the decision in *Norman v. Waite,* 30 Neb. 302, as being a decision in support of the opinion, but the decision in the case of *Norman v. Waite* was based upon a failure of consideration. It was held competent to show what the consideration for the contract was, and that the contractual obligation assumed, which constituted such consideration, had not been performed by the other party.

The case of *Barnett v. Pratt,* 37 Neb. 349, is also cited as authority in the *Exchange Bank of Ong* case, but in that case the court pointed out that the written instrument involved was, on its face, not a complete contract, but merely a receipt or memorandum, and that the parol evidence rule had no application. The court did in that case, by way of dictum, state that when the execution of a written agreement has been induced upon the faith of an oral stipulation, made at the time but omitted from the written instrument, though not by accident or mistake, parol evidence of the oral contract is admissible, although it may add to or contradict the terms of the written instrument. It is true that such is the rule in Pennsylvania, and a Pennsylvania case is cited in the opinion in support of the rule stated, but in Pennsylvania the so-called parol evidence rule has been almost entirely abolished. The decisions in that state upon that point are not only in the minority, but seem to hold a unique position among the decisions of the courts of the other states in this country. See discussion in notes, 18 L. R. A. n. s. 434, and L. R. A. 1917C, 321. To follow the dictum in the case of *Barnett v. Pratt, supra,* would be to utterly destroy the parol evidence rule.

In the case of *Towner v. Lucas, Exr.,* 13 Grat. (Va.)

705, it was represented to the defendant that, if he would sign the bonds, he would never be required to pay any part of the debt. It was argued in that case that the oral representation was an inducement to the signing of the written contract. In answer to that argument, the court said (page 724) : "If it be averred that, although a note is on its face payable on demand and unconditionally, there was a contemporaneous oral agreement that the time for payment should be postponed, or required only upon the happening of a certain contingency, parol evidence of such an agreement is inadmissible. * * * Yet it might be argued with the same force that this oral agreement may have induced the party to sign the note, and that it is a gross fraud to attempt to enforce it according to its terms. And so it would be if the existence of the agreement could be judicially established. But there being no legal proof of it, there is nothing of which fraud can be affirmed. The rule is founded in wisdom, and a different principle would weaken confidence in all securities for debts. Matters in writing, instead of finally importing the certain truth and agreement of the parties, would be a snare and delusion. The party relying on an instrument in writing as the final result in which all previous negotiations have centered would be met and 'controlled by an averment to be proved by the uncertain testimony of slippery memory.' "

We find a similarly reasoned decision by the supreme court of the United States in *Insurance Co. v. Mowry,* 96 U. S. 544. The court, in speaking with reference to such an oral representation, said (page 547) : "The doctrine of estoppel is applied with respect to representations of a party, to prevent their operating as a fraud upon one who has been led to rely upon them. They would have that effect, if a party who, by his statements as to matters of fact, or as to his intended abandonment of existing rights, had designedly induced another to change his conduct or alter his condition in reliance upon them, could be permitted to deny the truth of his state-

ments, or enforce his rights against his declared intention of abandonment. But the doctrine has no place for application when the statement relates to rights depending upon contracts yet to be made, to which the person complaining is to, be a party. He has it in his power in such cases to guard in advance against any consequences of a subsequent change of intention and conduct by the person with whom he is dealing. For compliance with arrangements respecting future transactions, parties must provide by stipulations in their agreements when reduced to writing. The doctrine carried to the extent for which the assured contends in this case would subvert the salutary rule that the written contract must prevail over previous arrangements, and open the door to all the evils which that rule was intended to prevent."

For the reasons hereinbefore stated, the answer of the defendant, setting forth the oral agreement, was, in our opinion, insufficient to present a legal defense. The judgment of the lower court was correct, and is

AFFIRMED.