FRED BARTELS, APPELLANT, V. EARL WADE ET AL., APPELLEES.

FILED APRIL 24, 1936. No. 29658.

*Russell W. Bartels,* for appellant.

*C. H. Hendrickson, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and FITZGERALD, District Judge.

GOSS, C. J.

By a judgment following a verdict, plaintiff was denied recovery on a note. Plaintiff appealed.

The note was for $500, dated October 31, 1931, due January 1, 1933, bearing interest after maturity. It was given by defendants to plaintiff on the same day they joined plaintiff in a written lease of plaintiff's 240-acre farm for one year from March 1, 1932. The lease provided for a rental of $1,400, payable $300 in cash, $300 due March 1, 1932, $300 due October 1, 1932, and $500 due January 1, 1933, the last three payments evidenced by promissory notes. The evidence shows that the first three items were paid.

Defendants' answer admitted that they signed the note sued upon, but pleaded that, at the time the lease was executed, they had a contemporaneous oral agreement with plaintiff "that in the event of hail, poor prices, or what is termed a 'bad year,'" he would cancel $500 of the rent. They plead facts which would satisfy the conditions named. Plaintiff's reply was a general denial.

Over objections of plaintiff, the trial court allowed defendants to introduce evidence varying and modifying the terms of the lease and the terms of the note sued upon so as to show to the satisfaction of the jury that the alleged oral agreement was operative to defeat plaintiff's action on the note. This was duly assigned as erroneous.

Not only the pleadings but the evidence show that no other parties than plaintiff and defendants were concerned or involved in the written contract or in the alleged oral contemporaneous contract. There had been no reformation of the written contract to make it conform to the terms of the alleged contemporaneous oral agreement. The written contract was on the face of it complete. It was, so far as it shows, unconditionally delivered with the intention that it should take effect as a legal obligation according to its terms. It is admitted that the written lease was executed and delivered, but it is claimed by defendants that it was executed and delivered upon the oral agreement that it would be modified as heretofore shown if the conditions arose requiring modification. In these circumstances, is parol evidence admissible to vary, modify or contradict the

written obligation set forth in the lease and note described therein, on which note the action was based?

It should be noted that there is nothing ambiguous in either the written lease or in the note—nothing requiring parol evidence to explain or clarify.

In *Security Savings Bank v. Rhodes,* 107 Neb. 223, 185 N. W. 421, it was held: "When a written contract has been unconditionally delivered in the sense that it is intended to take effect as a legal obligation, a contemporaneous oral agreement, providing that the contract is not to be performed if a certain condition or contingency occurs, cannot be shown, as such testimony would have the effect of adding to, varying or contradicting the express terms contained in the writing"—citing cases, distinguishing cases, and overruling certain of our cases in so far as they were inconsistent with the rule announced.

In a recent opinion of this court a rule, similar in principle, was announced in these words: "Parol evidence is inadmissible to prove that grantor in a warranty deed conveying real estate to grantee without exception, condition or reservation retained a life estate therein by a contemporaneous oral agreement." *Erwin v. Kuhlman, ante,* p. 249, 264 N. W. 676.

In *Spiegal & Son v. Alpirn,* 107 Neb. 233, 185 N. W. 415, we held: "The rule that parol evidence is admissible to prove that contemporaneously with, or preliminary to, the execution of a written contract the parties entered into a distinct oral agreement on some collateral matter or as a condition on which the performance of the written contract is to depend, does not apply where the written contract is complete in itself and unambiguous, and where it expresses a contractual consideration."

In the argument appellee placed much reliance upon *Seminole Bond & Mtg. Co. v. Investors Realty Co.,* 127 Neb. 193, 254 N. W. 732. But there the parol agreement was a condition precedent upon which the written obligation was executed. The syllabus expressly states: "Parol evidence is inadmissible to vary the terms of a written agreement, complete on its face."

We therefore conclude that the district court erred in allowing parol evidence as to the alleged contemporaneous oral agreement claimed to have been made at the time the written agreement was entered into. The rule applicable to this case is that parol evidence is inadmissible to prove a contemporaneous oral agreement which modifies a complete and unambiguous written contract between the same parties and provides that the written contract is not to be performed if a certain condition or contingency occurs.

Our conclusion makes it unnecessary to discuss other errors assigned by plaintiff.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.