## SEABOARD SURETY CO. v. RACINE SCREW CO.

### Nos. 10730, 10788.

United States Court of Appeals
Seventh Circuit.

April 17, 1953.

J. M. Weisman, Weisman & Weisman, Racine, Wis., Martin J. Torphy, Milwaukee, Wis., for appellant.

John G. Quale, John F. Zimmermann, Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

This action sought specific performance of certain provisions of an indemnity agreement executed by plaintiff and defendant. Upon the complaint, defendant's answer, and affidavits submitted by the respective parties, the court, on motion of the plaintiff, entered a summary judgment in its favor. From this judgment defendant appeals.

In the view which we take of the case, we think it unnecessary to enter into a detailed discussion or analysis of the facts but that a brief resumé will suffice. Plaintiff, on July 13, 1950, executed a performance bond in behalf of the defendant in the penal sum of $25,000, in favor of the United States of America, in connection with a contract between defendant and the Chicago Ordnance District for the manufacture and supply of shells for the army. On May 21, 1951, the Chicago Ordnance District terminated the government's contract with the defendant and, after inviting bids, awarded a new contract to Automatic Screw Company, Inc., of Minneapolis, Minnesota. On November 9, 1951, the Chicago Ordnance District notified plaintiff that defendant had defaulted on its contract and advised that plaintiff would be liable thereon. On December 21, 1951, plaintiff deemed it necessary in conformity with good accounting practice to reserve from its assets the amount of $25,000 to cover any contingent claim upon its bond that might accrue to the United States, and on the same date made demand upon the defendant to deposit with it said sum, pursuant to the terms and provisions of paragraph 10 of the indemnity agreement. Upon failure of the defendant to comply with the demand to deposit, plaintiff insti-

tuted the instant action for specific performance.

Paragraph 10 of the agreement, upon which the action is predicated, provides, so far as material: "If for any reason the Surety shall be required or shall deem it necessary to set up a reserve in any amount to cover any contingent claim or claims * * * in connection with said bond by reason of default of the undersigned, * * the undersigned * * * covenant and agree immediately upon demand to deposit with the Surety, in current funds, an amount sufficient to cover such reserve * * * such funds to be held by the Surety as collateral * * * with the right to use such funds or any part thereof, at any time, in payment or compromise of any judgment, claims, liability * * *."

Defendant alleged in its answer that the payment of $25,000 to the plaintiff will seriously impair its business, and will cause it great hardship, and it will thereby suffer irreparable damages and harm. It alleged by affidavit that it does not have any surplus funds and, if it should be required to make such deposit with the plaintiff, defendant would not be able to continue its present operations and production and pay its current obligations for materials, labor and other necessary expenses, or to pay outstanding loans incurred for working capital and which were being paid out of current operations and profits. It also alleged by affidavit that compelling defendant to make such deposit with plaintiff would necessitate the liquidation of defendant's business.

Much of plaintiff's brief is devoted to an argument in support of its contention that there was "no genuine issue as to any material fact" and that plaintiff, therefore, was entitled to a summary judgment as a matter of law. While we think there was a genuine issue of material fact involved, we find it unnecessary to resolve that dispute because, even though plaintiff's contention be accepted, it still was not entitled to a decree as a matter of law.

■ The relief sought in an action for specific performance is equitable, and its allowance or refusal rests in the sound discretion of the court. That principle has been announced from time immemorial and, so far as we are aware, has been given universal application. A few of the many authorities where the principle has been enunciated will suffice. In Willard v. Tayloe, 8 Wall. 557, 567, 75 U.S. 557, 567, 19 L.Ed. 501, the court stated:

"In general it may be said that the specific relief will be granted when it is apparent, from a view of all the circumstances of the particular case, that it will subserve the ends of justice; and that it will be withheld when, from a like view, it appears that it will produce hardship or injustice to either of the parties. It is not sufficient, as shown by the cases cited, to call forth the equitable interposition of the court, that the legal obligation under the contract to do the specific thing desired may be perfect. It must also appear that the specific enforcement will work no hardship or injustice, for if that result would follow, the court will leave the parties to their remedies at law, unless the granting of the specific relief can be accompanied with conditions which will obviate that result."

The rule in Wisconsin is no different than in other jurisdictions. In Mulligan v. Albertz, 103 Wis. 140, 144, 78 N.W. 1093, 1094, in discussing the discretion lodged in the court in an action for specific performance, the court stated:

"Its exercise therefore depends upon the existence of a multitude of facts, events, and incidents surrounding the transaction, from which the court is to determine the superiority of the equitable over the legal right. When these conditions and circumstances are clearly proven, and are such as equity regards as essential to the administration of its peculiar modes of relief, specific performance will be granted."

Other Wisconsin cases have held that specific performance is not to be awarded as a matter of right but that it is a matter which rests in the sound discretion of the court in view of all the circumstances. Chandler v. Gault, 181 Wis. 5, 9, 194 N.W. 33, and Gloede v. Socha, 199 Wis. 503, 507, 226 N.W. 950.

Plaintiff cites a number of the legion of cases which have sustained the propriety of a summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., because there was "no genuine issue as to any material fact." But these necessarily are all cases where, as the the rule provides, "the moving party is entitled to a judgment as a matter of law." In the instant situation, however, plaintiff was not entitled to judgment as a matter of law; it was entitled only to appeal to the sound discretion of the court. In a legal action, a party is entitled to all the law allows; in the instant action for equitable relief, plaintiff was entitled only to that which the court in the exercise of a sound discretion concluded to be fair and equitable. And undoubtedly, in the latter situation the court was duty bound to take into consideration many circumstances and factors which would be of no consequence in the former. It is not difficult to visualize that in an action for specific performance, one court, on a certain set of facts and circumstances, might allow the relief sought, while another court on exactly the same record might deny the relief. And it is possible that both courts, on appeal, would be affirmed, because neither was shown to have abused its discretion.

Plaintiff relies upon a number of state court cases wherein specific performance has been decreed under circumstances similar to those instantly presented, but no case has been cited, and we know of none, where it has been held that relief may be obtained by means of a summary judgment. It is our view that the rule was not intended to, and from its phraseology does not encompass a situation wherein the relief sought is not allowable as a matter of law or of right but is dependent upon a discretion to be exercised by the court. True, we find no authority which either supports or refutes this conclusion. However, it appears wholly incompatible to say in one breath that a party is entitled to prevail as a matter of law, and in the next, to admit that it is entitled to do so only in the discretion of the court. The two premises cannot stand side by side, as would be the result if Rule 56(c) should be given application in an action for specific performance.

A further question, not seriously pressed here, is that the court erred in entering an order on motion of plaintiff by which defendant was directed to give a supersedeas bond. The order has not been complied with by the defendant. Inasmuch as the primary order appealed from is to be reversed, we are of the view that any question concerning the propriety of the order relative to a supersedeas bond has become moot and we think it should be, upon request of the defendant, vacated.

The judgment appealed from is reversed, with directions that the District Court hear and consider all facts and circumstances usually and ordinarily relevant to a matter which requires the exercise of its sound discretion.