SECURITIES ACCEPTANCE CORPORATION, A CORPORATION, APPELLEE, V. HARRY BLAKE, DOING BUSINESS AS BLAKE'S USED CAR EXCHANGE, APPELLANT.

62 N. W. 2d 132

Filed January 8, 1954. No. 33430.

*Firmin Q. Feltz,* for appellant.

*Maupin & Dent,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an appeal from the decision of the district court that as a matter of law appellee was entitled to have judgment against appellant for the amount due on a promissory note in which he was named as payee, and which was by him endorsed with recourse and sold and delivered to appellee. The jury was, on motion of appellee, discharged and a judgment was rendered in its favor and against appellant.

The claim of appellee was that on or about July 14, 1949, Russell Johnson for a consideration executed and delivered to appellant a promissory note for $1,180.44 payable in monthly installments of $65.58 beginning August 20, 1949; that appellant endorsed the note with recourse, guaranteed its payment, and for a consideration sold and delivered it and the security for its payment to appellee; that only three monthly installments had been paid; and that appellee was entitled to judgment for the unpaid balance of the note with interest as therein provided.

Appellant admits that he had taken and owned the

Johnson note and the mortgage securing its payment; that he endorsed the note with recourse and guaranteed its payment; that on July 14, 1949, he sold and delivered the note and mortgage for a consideration to appellee; that he received and has since retained the consideration paid him on that account; that the maker of the note paid only three monthly installments on the indebtedness; and that all installments that matured commencing with November 20, 1949, were unpaid. Appellant claims, and over objection was permitted to offer evidence to establish, that Johnson, an itinerant gypsy carnival worker with the Bohn Shows then exhibiting in Ogallala, had been negotiating with appellant upon a time payment plan for the purchase of a used 1947 trailer house for a price of $1,750; that appellant had previously sold notes to appellee; that appellant refused the offer of Johnson until he had contacted and talked with appellee; that appellant discussed the matter with the agent and manager of the office of appellee at North Platte; that he said appellee would purchase a note and mortgage of Johnson if appellant made a deal with him but appellant would have to endorse the note with recourse; that appellee would, in the event that Johnson defaulted in his payments as required by the note, return the trailer house to the used car lot of appellant in Ogallala before he would be required to pay appellee the note; that thereafter appellant sold the trailer house to Johnson, received $852.28 of the purchase price, took the note involved in this case for the balance of the purchase price, the finance charges, and cost of insurance, procured a chattel mortgage securing the note, endorsed it, and sent it and the security for its payment to appellee and received from it a remittance for the amount due appellant as the net proceeds from the purchase of the note; that there has been no communication from Johnson since he made the October 1949 payment on the note, and search for him has been without result; that the trailer house has not been returned to the used car lot

of appellant; and that the representation in this regard of appellee "was false, and the plaintiff knew it was false, or made it without knowledge as a positive statement of a known fact."

The note, the written endorsement, and the guarantee of payment of it made and signed by appellant were received in evidence. The testimony offered by appellant concerning the conversation between him and the agent and manager of appellee in North Platte is not contradicted. The manner of considering the evidence of the party against whom a verdict has been directed or the jury has been discharged and a judgment rendered by the trial court in determining the correctness or error of the action of the trial court in that regard does not require discussion. Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607; Olson v. County of Wayne, *ante*, p. 213, 59 N. W. 2d 400.

The time of the conversation appellant says he had with the agent of appellee was before July 14, 1949, if the language "the other day" in the letter written by appellant to appellee of July 14, 1949, is to be accepted. In any event it is established by the record that any conversation between these parties was before the transaction for the sale of the trailer house by appellant to Johnson, and before the note or any of the papers incident to the transaction were executed.

The note with the endorsement and guarantee of payment was sent to appellee for unconditional transfer and delivery thereof to it and the proceeds of the sale of the note were promptly remitted to, accepted, and retained by appellant. He did nothing to interpose a condition precedent to the taking effect of his endorsement and guarantee or to modify or restrict the obligation thereby created. In fact he could not have effected the sale of the note if he had because he had been advised that appellee would not accept the note unless it was endorsed by appellant with recourse. The endorsement of the note and its delivery for a consideration by appel-

lant to appellee bound the former to pay the amount of the note to the holder of it. § 62-166, R. R. S. 1943; Baldwin-Heckes Co. v. Kammerlohr, 123 Neb. 317, 242 N. W. 661.

The endorsement was in writing and it was the only competent evidence of the obligation of appellant to appellee. It has long been the law of this state that if persons to a transaction have put their engagement in writing in such terms as import a legal obligation without uncertainty of the object or extent of the engagement, it is conclusively presumed that the entire engagement of the parties and the extent and manner of their undertaking have been reduced to writing, and any parol agreement is merged in the written contract and testimony of prior or contemporaneous conversations is incompetent. In the absence of fraud, mistake, or ambiguity a written agreement is not only the best evidence but the only competent evidence as to what was the actual contract of the parties. If it is claimed that the execution of a written contract has been induced by prior or contemporaneous oral conversation or agreement parol evidence is not admissible to add to or contradict the terms of the written contract. In Security Savings Bank v. Rhodes, 107 Neb. 223, 185 N. W. 421, 20 A. L. R. 412, it is said: "When a written contract has been unconditionally delivered in the sense that it is intended to take effect as a legal obligation, a contemporaneous oral agreement, providing that the contract is not to be performed if a certain condition or contingency occurs, cannot be shown, as such testimony would have the effect of adding to, varying or contradicting the express terms contained in the writing." See, also, State ex rel. Davis v. Banking House of A. Castetter, 118 Neb. 231, 224 N. W. 21; Bartels v. Wade, 130 Neb. 836, 266 N. W. 712; Weidenfeld v. Olson, 132 Neb. 303, 271 N. W. 806; Lefferdink v. Schmutte, 149 Neb. 695, 32 N. W. 2d 194; Hoerger v. City State Bank, 151 Neb. 321, 37 N. W. 2d 393; Perry v. Gross, 155 Neb. 662, 53 N. W. 2d 73;

Ford v. Luria Steel & Trading Corp., 192 F. 2d 880; Restatement, Contracts, § 237, p. 331.

The endorsement of the note is a complete writing and expresses the whole arrangement between the parties. The testimony admitted of an alleged prior or contemporaneous oral agreement was inconsistent with, contradicted, and varied the terms and obligations of the endorsement of the note. It attempted to make the liability of appellant depend upon a condition subsequent. The testimony was incompetent and should have been rejected. The record in this case does not justify the application of any exception to the parol evidence rule as the appellant insists should be done. Appellant argues that failure to give effect to the alleged oral arrangement that no liability would be enforced against him until appellee had recaptured and returned the trailer house to appellant at his place in Ogallala would be a fraud upon him. This argument is not novel. It has been advanced since the existence of the parol evidence rule. It has been repudiated by this court. Security Savings Bank v. Rhodes, *supra.*

Appellant insists that the statement he attributes to the agent of appellee, made before the appellant had sold the trailer to Johnson, was a representation of a fact in the future and not a mere promise, and that such a representation which has been acted upon and proves to be false entitles the injured party to the remedies existing for fraudulent representation of an existing fact. The statement as appellant relates it was that if the trailer was sold to Johnson and he disappeared "* * * we will find him and put that trailer and pickup back on your lot." It is generally considered that fraud must relate to a present or preexisting fact and may not ordinarily be predicated on an unfulfilled promise or a statement as to a future event. Beltner v. Carlson, 153 Neb. 797, 46 N. W. 2d 153. The reliance claimed by appellant in this regard was upon a mere promise.

There is no evidence that if it was made there was a present intention not to perform it.

The judgment of the district court should be and it is affirmed.

AFFIRMED.