Dale Voss, Jr., doing business as Todd Finance Co., appellee, v. Roland Linn, doing business as Hiway Motor Co., appellant.

105 N. W. 2d 383

Filed October 14, 1960. No. 34785.

*McCarthy & Kneifl,* for appellant.

*S. W. McKinley, Jr.,* and *Richard L. Jandt,* for appellee.

Heard before Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.

This is an action by Dale Voss, Jr., doing business as Todd Finance Co., plaintiff and appellee, against Roland Linn, doing business as Hiway Motor Co., defendant and appellant, to recover $5,500 on a written guaranty of payment of money on a conditional sale contract entered into between one Christian Voss, signed Chris H. Voss, and the defendant, which contract was purchased by plaintiff and assigned by defendant to the Todd Finance Co., the name in which the plaintiff was conducting his business, with a written guaranty that the defendant would pay to the plaintiff the amount of the obligation of the contract in the event of the failure of Christian Voss so to do.

The case was tried to a jury and at the conclusion of

the evidence the court directed a verdict in favor of the plaintiff and against the defendant. A verdict was accordingly returned. Judgment was duly rendered on the verdict. A motion for new trial was filed which was overruled. From this verdict, the judgment, and the order overruling the motion for new trial the defendant has appealed.

By the petition it was declared in substance, to the extent necessary for the purposes of this opinion, that on or about June 28, 1957, the defendant sold five motor vehicles or trucks to Christian Voss for $6,500 under a conditional sale contract upon which there was a balance due of $6,000 when the contract was assigned for a valuable consideration to the plaintiff; that with the assignment the defendant gave the plaintiff a written guaranty of payment providing that if Christian Voss defaulted in the payment of any installment the defendant would on demand pay to plaintiff the full unpaid amount; that Christian Voss made default; and that demand was made for the balance due which was $5,500 no part of which had been paid. The prayer of the petition was for judgment for $5,500 with interest at the rate of 5 percent per annum from the date of the commencement of the action and costs. Copies of the conditional sale contract and the written guaranty were attached to and made a part of the petition.

To the petition the defendant filed an answer which, among other things, included a general denial. Neither specific pleadings nor evidence negatives the execution of and delivery of either the conditional sale contract, the assignment thereof, or the guaranty pleaded. Further, lack of consideration is not pleaded.

As affirmative defenses the defendant seeks to avoid the obligation of these instruments by an alleged oral agreement made prior to or contemporaneous with the written instruments that their obligation would be met otherwise than as therein provided and that thus the defendant would not be required to perform according

to the terms of the guaranty; by a purported oral agreement entered into subsequent to the original transaction which took the place of the original obligation; and in part by a claim that plaintiff collected money which should have been applied in payment of the obligation of the conditional sale contract, which was not so applied.

The plaintiff filed a reply in which he denied generally the allegations of the answer except such as were admitted to be true. The reply sets forth that one Armon Todd was agent of the plaintiff in the transaction. This is of importance since all acts and doings on behalf of the plaintiff were done and performed by Armon Todd.

The theory on which the court sustained the motion for directed verdict and rendered its judgment was that the plaintiff had proved the pleaded cause of action and that there was no competent evidence adduced or offered to support a defense.

As grounds for reversal the defendant has set forth three assignments of error. The first is a general contention that the court erred in sustaining the motion for new trial. This is obviously erroneous. It is clear that the intention was to say that the court erred in sustaining the motion for directed verdict. It will be so treated. The second is that the court erred in refusing to admit evidence of promises made by plaintiff which induced defendant to sign the contract. This must refer to the written guaranty and not the conditional sale contract since the contract was signed by Christian Voss or, as it appears thereon, Chris H. Voss. The defendant signed only as a witness to the signature of Voss. By the third assignment of error it is asserted that the court erred in refusing to admit testimony "relative to subsequent agreement based on consideration whereby appellee promised to hold appellant harmless in the event appellant stored trucks for appellee."

At the close of the evidence it conclusively appeared that the conditional sale contract had been executed and

delivered and the assignment was made and delivered all as pleaded by the plaintiff in his petition, with adequate proof of consideration. There was no substantial evidence to refute the proof of plaintiff that there was a default on the part of Christian Voss and that the balance due was the amount for which judgment was rendered.

This brings us to the question of whether or not there was error in the refusal to admit testimony as to inducement to the signing of the contract or, as is apparently meant, the guaranty.

Only two witnesses testified on behalf of the defendant. One of these was the defendant himself. No question was asked of him relating to the subject of inducement, and of course no offer of proof in this area was made.

Christian Voss was the other witness. The following question was propounded to him: "Q Did you hear Mr. Todd make any promises to Mr. Linn relative to the payments to be made under this contract?" Objection was made. The objection was sustained. The following question, which related to and was obviously an elaboration of the previous question, was propounded: "Q And prior to the execution of this contract?" Objection to this question was sustained. Thereupon the following offer was made: "Defendant offers to show by this witness that prior to the execution of this contract and the signing thereof by the defendant and the said Chris Voss, that Armon Todd promised the defendant Ole Linn that if he would sign said contract and if the plaintiff failed to collect within 90 days from the Macy Construction Co. the payments thereunder, that the defendant Roland Linn would be held harmless * * *." Objection to this offer was made and sustained.

If it be assumed that the purported promise contained in the offer was true and related to a subject which if established could be regarded as a defense to the action of plaintiff, and accordingly the rejection of the offer was erroneous, still in the state of the record here it could not be regarded as material. The record

is devoid of any evidence or offer of evidence the tenor or effect of which was to say that the defendant signed any document in reliance upon any such promise. The nearest approach is a purported conclusion in the offer, rendered inadmissible by the terms of plaintiff's objection, that Christian Voss would testify that the defendant refused to sign until the promise was made.

A fundamental and indispensable basis of any enforceable agreement is that there be a meeting of the minds of the parties. See, Farmers Union Fidelity Ins. Co. v. Farmers Union Co-op Ins. Co., 147 Neb. 1093, 26 N. W. 2d 122; Griggs v. Oak, 164 Neb. 296, 82 N. W. 2d 410.

There having been no evidence or offer of evidence of the essential elements of any enforceable oral agreement, on that ground the court did not err in sustaining the objection to the offer of the purported evidence of inducement.

There is another reason why it was not error to reject this offer. Proof of the agreement, if there was one, would not defeat the right of the plaintiff to recover on the guaranty. The controlling rule is as follows: "When a written contract has been unconditionally delivered in the sense that it is intended to take effect as a legal obligation, a contemporaneous oral agreement, providing that the contract is not to be performed if a certain condition or contingency occurs, cannot be shown, as such testimony would have the effect of adding to, varying or contradicting the express terms contained in the writing." Security Savings Bank v. Rhodes, 107 Neb. 223, 185 N. W. 421, 20 A. L. R. 412. See, also, Securities Acceptance Corp. v. Blake, 157 Neb. 848, 62 N. W. 2d 132.

As to the third assignment of error there was no evidence whatever adduced or offered that there was a subsequent agreement to hold the defendant harmless. It is true that a question was responded to in which the defendant gave testimony relative to an agree-

ment but on motion the answer was stricken by the court and objection to the question sustained. The subject was not pursued further. There is no merit to the assignment of error.

For the reasons herein stated the judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.