EUGENE HOLLANDER AND ELIZABETH HOLLANDER, Petitioners v. COMMISSIONER OF INTERNAL REVEUE, Respondent
Hollander v. Commissioner
Docket No. 5647-81.
United States Tax Court
T.C. Memo 1987-87; 1987 Tax Ct. Memo LEXIS 83; 53 T.C.M. (CCH) 126; T.C.M. (RIA) 87087; February 12, 1987. *83 P (wife) seeks a summary adjudication that she is an innocent spouse within the meaning of section 6013(e). Held, there are genuine issues of material fact in controversy and, accordingly, this matter is not appropriate for summary judgment. P's motion is denied. Donald Pols, for petitioner Eugene Hollander. Roy Martin, for petitioner Elizabeth Hollander. Frank Agostino and Guy Lavignera, for the respondent. PANUTHOS
*84 MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case is before the Court on Elizabeth Hollander's (hereinafter petitioner) Motion for Partial Summary Judgment. The motion was filed on October 6, 1986, and heard on November 12, 1986, at a Motions Session of the Court in Washington, D.C.[1] The sole issue for decision is whether petitioner is entitled to partial summary judgment that she is an innocent spouse within the meaning of section 6013(e). At the time of filing *85 the petition herein, petitioner resided at New York, New York. Petitioners were married and filed joint Federal income tax returns for the years 1969 through 1974. Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: [2]
Fraud
Negligence
Year
Deficiency
Addition
Addition
1969
$167,834.00
$139,641.00
1970
81,795.00
75,860.00
1971
70,354.00
41,311.00
1972
25,260.00
16,674.00
1973
864.00
432.00
1974
1,279,414.00
$63,970.70
The deficiencies arise from respondent's determination that petitioners had unreported income due to fraudulently inflated business expenses claimed in connection with the operation of nursing homes. Respondent asserts that many of these claimed business expenses were in reality nondeductible personal expenses incurred for: (1) purchase and renovation of a New York City cooperative apartment; (2) petitioners' travel, *86 gift, jewelry, china, laundry and grocery expenses; and, (3) purchase of museum quality art work. Petitioner's Motion for Partial Summary Judgment is supported by her affirmation [3] setting forth facts to support her motion. This affirmation states that petitioner was born in Czechoslovakia and attended preparatory schools there, but did not graduate from college. She married Eugene Hollander in 1942. In 1947, she and her husband emigrated to Zurich, Switzerland and from there, in 1951, emigrated to the United States. Petitioner's husband is from a wealthy European family. Petitioner states that at the time of their emigration to the United States, her husband's wealth exceeded one million dollars. Petitioner further states that at all times during the marriage, her husband controlled family financial matters. She repeatedly asserts that she was raised in the European tradition [4] and has at all times acted as a housewife and not her husband's business partner. Thus, petitioner claims that she had *87 no knowledge of family financial matters, but instead blindly signed her name to joint tax returns. At a hearing on the motion, petitioner's counsel admitted that petitioner became a shareholder of the Henry N. Warren Corporation[5] and a licensed nursing home operator. Petitioner apparently assumed this position after her husband had a heart attack. Counsel for petitioner insists that she did not operate the business, but admitted that she signed reports for the State of New York concerning reimbursement rates for nursing homes. Section 6013(e) [6] provides that a spouse is relieved from liability where a joint return has been made for a taxable year and on that return there is a substantial understatement of tax [7] attributable to grossly erroneous items [8] of one spouse, if: (1) the other spouse establishes that she did not know, and had no reason to know, that there was such *88 a substantial understatement; and, (2) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax attributable to the substantial understatement. Petitioner has the burden of proving that she qualifies as an innocent spouse. Lessinger v. Commissioner,85 T.C. 824, 838 (1985). Summary judgment under Rule 121 is derived from Rule 56 of the Federal Rules of Civil Procedure. Thus, in any question requiring the interpretation of Rule 121, the authorities *89 interpreting rule 56, Federal Rules of Civil Procedure, are considered by the Tax Court. Espinoza v. Commissioner,78 T.C. 412, 415-416 (1982). Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of "phantom factual questions." Cox v. American Fidelity and Casualty Co.,249 F.2d 616, 618 (9th Cir. 1957); Shiosaki v. Commissioner,61 T.C. 861, 862 (1974). Summary judgment is not a substitute for trial, in that disputes over factual issues are not to be resolved in such proceedings. Naftel v. Commissioner,85 T.C. 527 (1985); Espinoza v. Commissioner,supra;Matson Navigation Co. v. Commissioner,67 T.C. 938 (1977); Giordano v. Commissioner,63 T.C. 462 (1975). A Motion for Summary Judgment is granted only when it is shown that "there is no genuine issue of material fact and that a decision may be rendered as a matter of law." Rule 121(b). Since the effect of the granting of a Motion for Summary Judgment is to decide an issue against a party without allowing him an opportunity *90 for trial, such action is a "drastic remedy" to be used cautiously and sparingly after a careful consideration of the case reveals that the requirements for summary judgment have clearly been met. Espinoza v. Commissioner,supra; see Associated Press v. United States,326 U.S. 1, 6 (1945); Flli Moretti Cereali v. Continental Grain Co.,563 F.2d 563 (2d Cir. 1977); United States v. Bosurgi,530 F.2d 1105 (2d Cir. 1976). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. [9]Weinberger v. Hynson, Westcott and Dunning,412 U.S. 609, 621-622 (1973); Adickes v. Kress and Co.,398 U.S. 144, 158-159 (1970). The party opposing the motion is to be afforded the benefit of all reasonable doubt, and the underlying facts contained in the record must be viewed in a light most favorable to the opposing party. See United States v. Diebold, Inc.,369 U.S. 654, 655 (1962); American Mfrs. Mutual Ins. Co. v. American-Broadcasting Paramount Theatres,388 F.2d 272, 279 (2d Cir. 1967). *91 In order to be relieved from liability for a substantial understatement of tax, the party claiming to be an innocent spouse must not have known or had reason to know of the substantial understatement. Section 6013(e). The standard in determining whether petitioner had "reason to know" is "whether a reasonable person under the circumstances of the taxpayer at the time of signing the return could be expected to know of the omissions." Shea v. Commissioner,780 F.2d 561, 566 (6th Cir. 1986), affg. on this matter a Memorandum Opinion of this Court. The primary ingredients of this test are "1) the circumstances which face the petitioner; and, 2) whether a reasonable person in the same position would infer that omissions * * * had been made." Shea v. Commissioner,supra at 565, 566. Whether an individual had reason to know of a substantial understatement is generally regarded as a question of fact. Shea v. Commissioner,supra;Estate of Gryder v. Commissioner,705 F.2d 336 (8th Cir. 1983), cert. denied 464 U.S. 1008 (1983); Ratana v. Commissioner,662 F.2d 220, 224 (4th Cir. 1981); *92 Sanders v. United States,509 F.2d 162, 166 (5th Cir. 1975). We believe that the facts and circumstances relating to whether petitioner knew or had reason to know of the substantial understatement have not been adequately developed such that this issue is proper for summary judgment. In addition, it is not clear to us that it would be inequitable to hold petitioner liable for the substantial understatement. Nor is it clear that the items at issue are grossly erroneous within the meaning of the statute such that petitioner would qualify as a matter of law as an innocent spouse. In making a determination of whether it would be inequitable to hold petitioner liable for the substantial understatement, we must take into account all the facts and circumstances. Section 6013(e)(1)(D). In addition, Congress has expressed a clear intent that, in making this determination, we consider whether petitioner benefited from the erroneous items. [10] Such a determination is factual in nature. See Sanders v. United States,supra at 170. In addition, we do not believe that there has been a clear showing that the substantial understatement is due to grossly *93 erroneous items. In order to prove that the items are grossly erroneous, petitioner must prove that the claimed deductions have no basis in law or fact. Douglas v. Commissioner,86 T.C. 758, 763 (1986); Rule 142(a). This, petitioner has not done. Petitioner would have us decide this issue and grant summary judgment relieving her of liability based on her affirmation. It is inappropriate for a Court, on a Motion for Summary Judgment, to draw inferences dealing with questions such as motive and intent. Espinoza v. Commissioner,supra at 417. Where, as here, the granting of relief is dependent upon the sound discretion of the Court, the trial Court should proceed cautiously in granting summary judgment and summary judgment should be withheld and a trial on the merits held whenever it appears likely that evidence could be produced which might affect the exercise of judicial discretion. Booth v. Barber Transportation Co.,256 F.2d 927, 931 (8th Cir. 1958). In summary, the issue of whether petitioner is an innocent spouse is not ripe for summary judgment. We conclude that there are genuine issues of material fact which should properly *94 be considered at trial. For the reasons stated herein, petitioner's Motion for Partial Summary Judgment is denied. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The statutory notice of deficiency determined that the liability of Elizabeth Hollander is limited to the amounts of the deficiencies and the addition to tax for negligence. Respondent has not asserted the additions for fraud against her.↩
3. Petitioner has set forth her version of the facts by affirmation in lieu of affidavit as she is (in her own words) "an observant Jewess for whom swearing is forbidden."↩
4. According to petitioner, this tradition dictates that a wife's only contribution to the marriage is to provide comfort and children for her husband.↩
5. This corporation owned the physical plant of the Congress Nursing Home, which is one of the entities that generated the claimed expenses.↩
6. Section 6013(e), as amended by section 424(a), Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 801, has retroactive application to all taxable years to which the Internal Revenue Codes of 1939 and 1954 apply. ↩
7. A "substantial understatement" is defined in section 6013(e)(3) as any understatement which exceeds $500. ↩
8. "Grossly erroneous items" are defined in section 6013(e)(2)(A) and (B) as "any item of gross income attributable to such spouse which is omitted from gross income" and "any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law."↩
9. At the hearing on this motion, petitioner argued that respondent failed to properly object to her motion in that he did not present affidavits or other evidence to support his objection to the motion. Under Rule 121, when a Motion for Summary Judgment is made and supported as provided in the Rule, an adverse party may not rest upon mere allegations or denials in his pleadings, but his response by affidavits, or as otherwise provided in the Rule, must set forth specific facts showing that there is a genuine issue of fact for trial, and if he does not do so, a decision, if appropriate, may be entered against him. Rule 121(d). However, the opposing party need not come forth with affidavits or other documentary evidence unless the moving party makes a prima facie showing of the absence of a factual issue. Shiosaki v. Commissioner,61 T.C. 861 (1974). Here, we are not satisfied that the moving party has made a prima facie case. (See our discussion infra.↩)
10. H. Rept. 98-432, to accompany H.R. 4170 (Pub.L. 98-369) (1984).↩