## In re GEO. P. SCHINZEL & SON, Inc.

(District Court, S. D. New York. December 2, 1926.)

Bankruptcy ⬥⟾345—Creditor supplying merchandise to bankrupt has priority only against creditors agreeing business should be continued and funds advanced for subsequent liabilities.

Creditor supplying merchandise to bankrupt under agreement between bankrupt and number of creditors has equitable priority as against creditors agreeing to continuance of business and authorizing corporation to provide trustee under agreement, with funds for subsequent liabilities, but not as against creditors who did not join in agreement.

In Bankruptcy. In the matter of Geo. P. Schinzel & Son, Inc., bankrupt. On motion to review referee's order disallowing the claim of the Crowell Corporation for priority. Order modified and remanded.

At a meeting between the bankrupt and a number of creditors, a guardianship of bankrupt's business was created by a trustee agreement vesting all of capital stock in trustee and placing active management of corporation in charge of board of directors. The agreement contained a provision that the corporation should provide the trustee with sufficient funds to pay all expenses incurred in conducting and carrying on the business of the corporation, including new or additional liabilities incurred by corporation subsequently for merchandise or otherwise.

Neil P. Cullom and Gregory S. Rivkins, both of New York City, for petitioner Crowell Corporation.

Zalkin & Cohen, of New York City (Louis H. Saper, of New York City, of counsel), for trustee.

HAND, Circuit Judge. The agreement did not disturb the ownership of the bankrupt's assets in any way whatever; it merely transferred the corporate share to a trustee. When former creditors continued to sell to the bankrupt, they got no pledge or mortgage as security; if they have any similar right, it must be by an equitable lien. What is the basis for any such? Nothing in the agreement, except the bankrupt's covenant to keep the trustee in funds with which to discharge such claims. But this was only a bare promise, like the promise to pay for the goods when they were bought. However, all the signing creditors agreed not to press their claims while the agreement was in operation, and as between them and the supplying creditors this covenant to pay the latter while the former remained unpaid was the plain expression of an intention to give priority. By signing the agreement, such creditors intended that the supplying creditors should have the first call on any payments made, and from this arose an equitable claim as against the signing creditors.

This, however, did not affect such creditors as did not enter the agreement at all. While it would have been quite lawful as

against such for the bankrupt to create a lien or pledge for fresh advances, this was not done. On the contrary, the supplying creditors were content with the bankrupt's promise that it would take care of them first, a promise good as against others who signed, but bad as against outsiders. Had they intended anything more, they should have secured it by some lien known to the law. The result is that the petitioner here has a priority only as against those creditors who joined in the agreement.

The order is affirmed, so far as it gives the nonjoining creditor its full dividends, on the basis of allowing all claims at their face without priority. It is modified, however, so as to allow the petitioner the face of his claim out of the dividends accruing to all creditors, including himself who signed the agreement.

Order modified, and cause remanded for further proceedings in accordance with the foregoing.