[No. 22791. Department One. April 28, 1931.]

SNIPES MOUNTAIN COMPANY, *Respondent*, v. BENZ
BROTHERS & COMPANY, *Appellant*.[1]

*Harcourt M. Taylor,* for appellant.
*Sydney Livesey,* for respondent.

PARKER, J.—The plaintiff, Snipes Mountain Company, seeks reformation of a written contract for the sale of one hundred tons of potatoes by it to the defendant, Benz Brothers & Company, and recovery of an unpaid balance claimed to be due upon the agreed purchase price of sixty-four tons of the potatoes delivered under the contract. The reformation sought is to have the written contract show that the potatoes contracted to be sold were only potatoes growing upon certain specified land, to the end that the plaintiff will

[1]Reported in 298 Pac. 714.

be entitled to recovery for the potatoes grown upon that land, all of them having been delivered under the sale contract, though amounting only to sixty-four tons. The defendant resists the plaintiff's claims of reformation and recovery, and by cross-complaint claims damages from the plaintiff for its failure to deliver thirty-six tons of the potatoes.

The cause, being of equitable cognizance, proceeded to trial in the superior court for Yakima county, sitting without a jury, and resulted in a decree awarding to the plaintiff reformation of the contract and recovery as prayed for, and, in effect, denying the defendant's claim of damages. From this disposition of the case in the superior court, the defendant has appealed to this court.

The contract, as partly printed and partly written, in so far as need be here noticed, reads as follows:

"BENZ BROTHERS & COMPANY
"Dealers in Potatoes, Grain, Hay
"Toppenish, Wash., Aug. 5th, 1929
"To Snipes Mountain Company,
"Yakima, Wash.

"We hereby confirm purchase from you of One Hundred tons Yakima Netted Gem Potatoes, graded 75% U. S. No. 1 Grade and 25% U. S. No. 2 grade, packed in new branded bags, even weight 100 lbs. each, and screened at car door, at $25.00 per ton, sacked, f. o. b. Nass or Granger, Wash. For Delivery not before Oct. 10th, 1929, when mature and for delivery not later than Nov. 1st, 1929. Receipt is hereby acknowledged of cash payment of Five Hundred and no/100 Dollars ($500.00). Balance to be paid on delivery. . . .

"BENZ BROTHERS & COMPANY
"By H. C. Benz
"Accepted: SNIPES MOUNTAIN COMPANY
"By W. H. Ball, Vice President
"Attest: James O. Cull, Secretary."

During the negotiations leading up to the signing of the written contract, two members of the defendant's firm visited the growing crop of potatoes on the plaintiff's land, knowing that was all the potatoes being grown by the plaintiff during the season of 1929. The potatoes were then found to be in promising condition, having matured to the extent that they were then from about the size of a walnut to about the size of a hen's egg. Those participating in the negotiations were then well convinced that the crop would yield considerably more than one hundred tons, and then so expressed themselves. The evidence shows practically conclusively that all who conducted the negotiations and participated in the execution of the contract, contemplated that it was a contract for the sale and purchase of one hundred tons of those particular potatoes, and no others; and that, in so far as the written contract failed to expressly so provide, there occurred a mutual mistake of the parties in its preparation. The contract was by the decree reformed by inserting therein between the words "potatoes" and "graded" the words "grown during the year 1929 on the following described premises: [Here follows a description of the land, being the land on which the members of the defendant's firm saw and examined the growing potatoes.]" We are of the opinion that the evidence well supports the reformation portion of the decree.

■ Was the plaintiff absolved from liability for its failure to deliver to the defendant the whole of the one hundred tons of potatoes as contracted for? The evidence renders it plain that the failure of the crop to yield one hundred tons or more was not in the least the fault of the plaintiff. The small yield, less than half the normal yield, was wholly the result of a partial crop failure from natural causes. The plaintiff harvested and delivered to the defendant the whole

of the crop, constituting sixty-four tons of potatoes. To that extent, the contract was strictly performed by the plaintiff. The applicable law, we think, is well stated in general terms in a note in 12 A. L. R., p. 1288, by the editors, as follows:

"Whether or not a contract for the sale of produce to be delivered at a certain future date contemplates that it shall be grown on a particular tract of land, so that a failure of the crop on that land will excuse non-delivery, is often a close question of construction of the particular contract. The rule appears to be that if the parties contemplate a sale of the crop, or of a certain part of the crop, of a particular tract of land, and by reason of a drought or other fortuitous event, without the fault of the promisor, the crop of that land fails or is destroyed, nonperformance is to that extent excused; the contract, in the absence of an express provision controlling the matter, being considered as subject to an implied condition in this regard; . . . ."

Our decision in *Robinson Co. v. McClaine*, 98 Wash. 322, 167 Pac. 912, and authorities therein noticed, are in harmony with this view of the law. We are of the opinion that the failure of the crop to produce more than sixty-four tons of potatoes absolved the plaintiff from liability for its failure to deliver to the defendant any additional potatoes, and that, therefore, the plaintiff is entitled to recover from the defendant the unpaid portion of the purchase price of the sixty-four tons of potatoes delivered; and that the defendant is not entitled to damages as claimed by it.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and MAIN, JJ., concur.