[Civ. No. 17820. Second Dist., Div. Two. Dec. 22, 1950.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. M. W. ENGLEMAN, as Assignee for Benefit of Creditors, etc., Respondent.

Samuel B. Stewart, Jr., Hugo A. Steinmeyer, Robert H. Fabian, R. M. J. Armstrong and Robert L. Tollefsen for Appellant.

Craig, Weller & Laugharn and Frank C. Weller for Respondent.

MOORE, P. J.—Appellant sued for a declaration of its rights under an assignment for the benefit of creditors and to compel respondent to pay dividends on two promissory notes of the debtor. From a judgment denying that respondent was obliged to pay such dividends comes this appeal.

## Two Notes of Debtor

On September 24, 1947, Mr. A. Austin purchased certain corporate shares and promissory notes from one Burcham. The latter was at the time an officer of the Belfast Bottling Company* herein referred to as "debtor," the issuer of the shares and maker of the notes. By a written agreement the purchase price was fixed at $25,940.69, of which $4,640.69 was payable immediately, the balance on October 1, 1951; Austin was to be personally liable for $10,000 but not for the remainder in the event debtor should legally exercise its right to dissolve or liquidate its assets prior to the due date of the balance. The notes so acquired from Burcham were valid and, pursuant to the agreement, were surrendered by Austin in exchange for new notes of the company in the same amounts. One of such new notes delivered to Austin was a demand note for the principal sum of $45,657.24 and is herein referred to as the "Austin note." At the time of its execution the corporation was contemplating a refinancing of its business through a loan of $50,000 from appellant. By reason of such plan, the note to Austin provided that it was to be subordinate to the note the corporation was about to execute to the bank. The Austin note was by him pledged to Burcham to secure payment of the balance of $21,300 on the purchase price of the stock and notes.

## The Clark Note

In October, 1947, debtor executed its promissory note to one Clark in the amount of $27,500. This instrument provided for installment payments and contained the following pertinent provisions: "the first installment becoming due on or before the first day following the date A. Austin has satisfied

*Formerly Catalina Dry Beverage Company.

his obligation to Gouley Burcham under that certain agreement dated September 24, 1947, if at said time the said Austin has received, as payment upon notes owned by him or as payment in dividends on stock owned by him, the sum of $15,000. If the said Austin has not so received said sum the due date of this note shall be extended until the said Austin has received the payment of said sum.''

On October 14, 1947, appellant loaned $50,000 to debtor and at the same time both Austin and Clark executed an agreement subordinating their notes to the corporate indebtedness to appellant; Clark endorsed his note to the bank as collateral security for the corporation's debt. The subordination agreement of Austin and Clark provided that in the event of debtor's assignment for the benefit of creditors, the assignee should pay the bank its claim in full before making any payments to Clark or Austin and insofar as necessary for that purpose Clark and Austin assigned to appellant all rights to payments, dividends and distributions. Such assignment was accepted by the bank.

Is the Clark Note Entitled to Share in Distributions?

Respondent contends that the Clark note is not enforceable for the reason that the obligation thereby created is conditioned upon the debtor's ability to meet the installments maturing under the Austin note. In other words, he argues, payment of the Clark note is conditioned upon the occurrence of an uncertain event, to wit, the debtor's financial ability to pay the Austin note—an event which has not occurred and cannot occur because the debtor was, and continues to be, insolvent. In support of such contention respondent relies upon *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [129 P. 587, Ann.Cas. 1914B 932, 44 L.R.A.N.S. 710]; *Lynch* v. *Keystone Consolidated Mining Co.,* 163 Cal. 690 [126 P. 968]; *Rodgers* v. *Byers,* 127 Cal. 528 [60 P. 42]; *Maurer* v. *Bernardo,* 118 Cal.App. 290 [5 P.2d 36]. These decisions do not support his thesis. All of them are decided upon agreements conditioned upon the maker's ability to pay. In the Van Buskirk case the promise was to pay plaintiff ''whenever . . . able to do so.'' In *Rodgers* v. *Byers* the promisor was bound ''to pay as soon as I can get the money.'' Such promises are conditional and of course created no absolute agreement to pay. In the case at bar the obligation of the debtor was not conditional. Only the time of payment was uncertain, being fixed with reference to a specified event. The very terms

of the Clark note provide that "the due date of this note shall be extended" if Austin has not received dividends on his stock in the sum of $15,000. Moreover, the corporation issued the Clark note in exchange for its valid, unconditional obligations to pay. In the light of that fact and of the extendability of its due date would it be a reasonable interpretation of the instrument to hold that it was conditional? The question is answered in the asking. ■ It is the law that where an event has been named as a time for the payment of money and such event can never occur, a reasonable time is by implication fixed as the maturity date of the promise to make payment. (*Bartholomae Oil Corp.* v. *Oregon Oil & D. Co.,* 106 Cal.App. 57, 64 [288 P. 814]; *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, 332 [104 P. 432, 25 L.R.A.N.S. 609]; *Ahlgren* v. *Walsh,* 173 Cal. 27, 34 [158 P. 748, Ann.Cas. 1918E 751]; Williston on Contracts, § 799; Rest. Contracts, § 301.) ■ Whether the parties to a transaction intended to make the payment of money contingent must be gathered from the situation of the parties, their relationship, the subject matter, and the purpose to be accomplished as disclosed by the evidence. Also, says Professor Williston, "if they intend that the debt shall be absolute and fix upon the future event as a convenient time for payment only . . . then the debt will not be contingent; and if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time." (3 Williston, § 799.) The Clark note contains not the slightest suggestion that the debtor's obligation was to be contingent on its ability to pay; nor is there any direct evidence or inference to support such claim. ■ The mere statement of one witness for respondent that in September, 1947, the corporation was not able to pay its debts as they matured does not warrant a finding that the parties to the note intended the obligation to be contingent.

### Austin Note Valid

■ There is no basis for a finding that the Austin note is not a valid, subsisting obligation of the debtor. It was issued to Austin in exchange for an earlier note that had been delivered to Burcham who had loaned moneys to the corporation in the amount evidenced by the note. However, argues respondent, the note evidences an attempt by the directors of the corporation to gain a preference over the other creditors and to divert corporate assets to themselves and for that reason is no enforceable. Respondent makes bold to

advance the theory that payment of the notes would be an unlawful diversion of corporate assets in that it would be violative of Corporation Code, section 824, since the funds would come out of capital assets, inasmuch as the debtor, at the time of executing the note, was insolvent and there was no surplus.

Contrary to such theory a reasonable interpretation of the note and the evident intention of the parties indicates that the parties contemplated that the corporation would become solvent and that the note would be paid from net earnings of corporate operations. The very purpose of bringing Austin into the company could have been only to provide new capital whereby to strengthen its financial structure, to increase its profits and to establish it on a firm basis. There is neither finding nor evidence of a contrary intent. The contract will therefore be given an interpretation that is reasonable and lawful. (Civ. Code, § 1643.)

Moreover, there is no evidence that the directors and officers seek any preference over other creditors. They are not parties to this action. Burcham has evidently severed his relation with the debtor, while Austin transferred his note to appellant to hasten the procurement of the loan to debtor. Now, all that is sought by the instant action is to compel respondent to pay dividends on the two notes on a pro rata basis, along with all creditors. Thus the numerous authorities cited by respondent on the aims of the directors are of no avail. All of them (*Nixon* v. *Goodwin*, 3 Cal.App. 358 [85 P. 169] ; *Title Ins. & Tr. Co.* v. *California Development Co.*, 171 Cal. 173 [152 P. 542] ; *Stuart* v. *Larson*, 298 F. 223 ; *In re Van Sweringen Co.*, 119 F.2d 231) involve attempts by men of bad faith who by virtue of their official advantages undertook to obtain preferences over other creditors of their respective corporations.

As holder of the Clark note and by virtue of the subordination agreements appellant is entitled to receive the dividends on both obligations. An equitable lien upon the dividends payable on the subordinated debts was given to appellant by virtue of such agreements. (*Searle* v. *Mechanics' Loan & Trust Co.*, 249 F. 942, 945 [162 C.C.A. 140] ; *In re Schinzel & Son*, 16 F.2d 289.) By its failure to give full value to the subordination agreements the judgment creates a preference in favor of the other creditors to the detriment of the bank which undertook to save the debtor in its hour of gloom. It risked its funds in reliance upon the written

agreements of the parties. Now, when it might be saved from loss by a fair construction of the writings it is the duty of the assignee ''for the benefit of creditors'' to pay dividends pro rata on all valid obligations of the debtor according to the terms of the assignment. (4 Am.Jur. p. 417.) The Clark and Austin notes are such valid obligations.

The judgment is reversed with instructions to enter judgment awarding appellant the right to dividends pro rata on the two notes involved herein.

McComb, J., and Wilson, J., concurred.