434

United States Court of Appeals
Ninth Circuit.

May 13, 1953.

Warren A. Taylor, Fairbanks, Alaska, for appellants.

Collins & Clasby, Charles J. Clasby and Walter Sczudlo, Fairbanks, Alaska, for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a summary judgment directing specific performance of a contract to convey land. The complaint alleged that on November 10, 1950, appellee conveyed a certain described parcel of land to appellants by warranty deed, and that simultaneously with the conveyance appellants executed a written agreement which provided:

"That the said parties of the first part [appellants], for and in consideration of a Warranty Deed made this date whereby the said party of the second part [appellee] did convey a part of Lot One (1) of Block Twelve (12), City of Fairbanks, to the parties of the first part, and the parties of the first part did mortgage back to the said party of the second part the said premises, the said parties of the first part do promise and agree to and with the said party of the second part that at any time within two years from the date hereof that they will reconvey to the said party of the second part the premises described in said deed and mortgage, and that the said party of the second part shall thereupon satisfy the said mortgage and will return to the parties of the first part all sums received on said mortgage, excepting the sum of One Hundred Fifty Dollars ($150.00) per month which shall be considered as rental of the said premises up and to the time of the reconveyance of the said property to the party of the second part."

The foregoing agreement was signed only by appellants.

The complaint further alleged that a demand made by appellee on November 13, 1950, for reconveyance of the property had been refused. Appellee deposited in the registry of the court a satisfaction of the mortgage and the sums paid thereon

in excess of the rental value of the land as provided in the agreement.

Appellants filed an answer admitting the transactions of November 10, 1950, the demand for reconveyance and their refusal to reconvey. By amended answer they denied that the agreement gave appellee the right to reconveyance of the property on demand, and, by way of affirmative defense, alleged that it was the "purpose and intent" of the agreement to confer on appellants a "power or privilege" to reconvey the property within two years. On motion of appellee the affirmative defense was stricken and summary judgment entered directing appellants to reconvey the property to appellee.

By their amended answer appellants placed in issue the meaning of the agreement. The principal question on this appeal is whether this was an issue of fact. If it was, it was error to grant summary judgment. The agreement was written in words of common use, and, if it is free from ambiguity, its meaning was a question of law to be determined by the court solely from its language. Phoenix Tempe Stone Co. v. De Waard, 9 Cir., 20 F.2d 757, 762; Jurs v. C. I. R., 9 Cir., 147 F.2d 805; National Surety Corp. of New York v. Ellison, 8 Cir., 88 F.2d 399, 402; 17 C.J.S., Contracts, § 597, p. 1244. If, however, the contract can be said to be obscure or ambiguous in its terms, as appellants contend, then its meaning was a question of fact and extrinsic evidence should have been received in aid of its interpretation. Phoenix Tempe Stone Co. v. De Waard, supra, 20 F.2d at page 762; Rolle Mfg. Co. v. Marco Chemicals, D.C. N.J., 92 F.Supp. 218; 17 C.J.S., Contracts, § 597, pp. 1242–1243. The agreement, say appellants, is ambiguous, since it can be interpreted either as imposing a duty upon appellants to reconvey the property on demand (as the court below interpreted it), or as conferring upon appellants a "power or privilege" to reconvey if they so chose.

Appellants' position is untenable. The court correctly disposed of the question as one of law. The pertinent language of the agreement is that appellants "do promise and agree * * * that at any time within two years from the date hereof * * * they will reconvey * * *." We find no ambiguity in this language. We know of no words more plainly denoting a contractual undertaking than the words "promise" and "agree." The claim that this agreement somehow conferred upon appellants a "power" or "privilege" to reconvey (which as legal owners of the property they would have in any event) is absurd. Perhaps what appellants mean to say is that the agreement gave them a two-year option to require discharge of their note and mortgage and return of the payments made thereon in exchange for reconveyance of the property. But this, too, would be an impossible interpretation of the contract. By its plain terms appellants had a duty to reconvey. And the contract gave appellants no option or other rights as against appellee. Appellee did not sign the agreement; he promised nothing. His performance could be exacted, if at all, only as a condition precedent to his right to reconveyance of the property.

Appellants appear to concede, as they must, that if they were under a duty to reconvey at all, the duty matured upon appellee's demand. Any other interpretation would render the words "at any time" in the agreement meaningless.

Appellants also contend that there was no consideration for the promise to reconvey. We need only observe that the agreement was by its terms made in consideration of the deed from appellee, and appellants in their answer admitted receiving the deed. Appellants' tortured argument that the deed could not constitute valid consideration is without merit.

We have considered the other contentions made by appellants and find them so devoid of merit as not to warrant discussion. There being no genuine dispute of fact on any material issue, the court below did not err in entering summary judgment. Fed.Rules Civ.Proc. rule 56(c), 28 U.S.C.A.

The judgment is affirmed.