[No. 34183.   Department Two.   January 23, 1958.]

HENRY B. NOORD et al., Respondents, v. D. L. DOWNS et al., Appellants.[1]

*Dorsey & Haight*, for appellants.

*Patrick A. Geraghty*, for respondents.

ROSELLINI, J.—This suit was brought upon a note given in lieu of earnest money for the purchase of a residence owned by the plaintiffs. The note in the sum of one thousand dollars, dated May 28, 1955, was payable on demand "On approval of loan to Mortgagor by Lincoln Federal Sav. for pur-

[1] Reported in 320 P. (2d) 632.

chase of home at 3037-29th Avenue W., Seattle, Wn." and bore interest at the rate of five per cent per annum after demand. The loan was never approved. The complaint alleged that it was the intent of the parties that the note should be payable not later than August 15, 1955, in any event, and that, through mutual mistake, this provision had been omitted. The trial court found that such was the fact and gave judgment for the plaintiffs.

It is the position of the defendants that the note was conditioned on obtaining approval of the loan and that there was no evidence that the parties mutually agreed otherwise.

The evidence disclosed that on May 28, 1955, the defendants had submitted an offer to purchase the property in question, in the form of a proposed earnest-money agreement with the note in question attached. The earnest-money agreement provided for the payment of a purchase price of $17,250, of which $13,000 was to be paid from the proceeds of a mortgage loan on the property from Lincoln First Federal Savings & Loan Association and the balance to be represented by the transfer of the defendants' equity in their home. Prior to making this offer, the defendant husband had requested an appraisal by the loan association and had obtained an assurance that the property would support a loan of $13,000.

This offer, which was submitted through the plaintiffs' sales agent, Groves Realty, was rejected—the plaintiffs stating that they were not interested in accepting property in part payment but were interested only in a "cash deal." The defendants were advised of this fact by the agent, whereupon they agreed to pay the full amount in cash. A new earnest-money agreement was drawn, which made no reference to financing by the loan association, but simply provided for payment in cash on closing the transaction. In regard to the closing date, the agreement read:

"Closing of this transaction shall be on or before September 1, 1955. In the event purchaser's property located at 2311 N. 64th St., Seattle 3 is sold prior to September 1, 1955, closing shall be made as soon as the funds from said sale are

made available to the purchaser but in no event later than September 1, 1955."

The closing date was later changed to August 15, 1955, at the request of the defendants. The matter of the note was not discussed when the new earnest-money agreement was executed. The only evidence that the plaintiffs or their agent were advised that the obligation on the note was intended to be conditioned on approval of the loan was the testimony of the defendant husband, who stated that he had made this clear to the agent when his first offer was submitted.

The evidence of the plaintiffs was that the defendant husband had given repeated assurances that there was no question but that the financing would be forthcoming, that they would not need the help of the agent in arranging the loan, because the defendant husband was a personal friend of the president of the loan association, and that, being at the time engaged in the mortgage-loan business, he was experienced in such matters. Also, the defendant husband testified that he had felt virtually certain the money would be advanced and was greatly surprised when the loan was disapproved.

Although the earnest-money agreement refers to the note by date, the agent, when asked why he had not obtained a new note when the second earnest-money agreement was signed, stated that he neglected to examine the original note and had forgotten that it contained the reference to the anticipated loan by the Lincoln Federal Savings & Loan Association.

The trial court found that the note and earnest-money agreement were inconsistent, in that the latter contained an unconditional commitment to purchase, whereas the former provided for payment of the earnest money on approval of the loan. It found, and the evidence supports this finding, that the defendants had relied upon the word of an officer of the loan association that the loan would be forthcoming, and entered into an unconditional undertaking to purchase the property on the strength of that reliance. Finding that,

through mutual mistake, the reference to the expected loan was not eliminated from the note, the court treated the note as reformed and gave judgment accordingly.

The defendants insist that the two instruments are not inconsistent, as the earnest-money agreement relates only to the obligation to purchase, which may be unconditional even though the obligation to pay earnest money is conditioned on some fortuitous event. It may be conceded that such obligations can logically exist concurrently. Nevertheless, the fact that on one hand, the defendants undertook to purchase the property on or before August 15, 1955, or upon the sale of the defendants' property if it were sold prior to August 15th, and agreed to forfeit a $1,000 note, referred to in the agreement as a "personal demand note," if they failed to make the purchase, and, on the other hand, that they made the note conditioned on the obtaining of a loan, creates at least an ambiguity sufficient to justify an inquiry into the circumstances surrounding the transaction.

The applicable rule is stated in *Bank of America Nat. Trust & Sav. Ass'n v. Engleman,* 101 Cal. App. (2d) 390, 225 P. (2d) 597, a case which also involved a note payable upon the occurence of certain anticipated events. The court said:

"Whether the parties to a transaction intended to make the payment of money contingent must be gathered from the situation of the parties, their relationship, the subject matter, and the purpose to be accomplished as disclosed by the evidence. Also, says Professor Williston, 'if they intend that the debt shall be absolute and fix upon the future event as a convenient time for payment only . . . then the debt will not be contingent; and if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time.' (3 Williston, § 799.)"

There is no express provision in the note that it shall be payable only if financing is obtained; it is simply made payable "on approval" of the loan. In the earnest-money agreement, the parties fixed upon a date when the note would be forfeited if, due to the default of the defendants, the sale had not been completed. This forfeiture provision

made no reference to an anticipated loan. If the note was payable only if the loan was approved, forfeiture would be futile unless it was approved before the closing date. It is apparent from the evidence that the defendants assumed the loan would be made. They did not consider it a contingency at all, and they assured the plaintiffs of this fact. While the defendant husband testified that he never intended to enter into an obligation to forfeit earnest money if the loan was not approved, he signed an unconditional agreement to purchase the house—an agreement which contained no reference to proposed financing. The fact that the earnest-money agreement refers to the note would support an inference that the agent was aware of the contents of the note. But the trial court found the evidence to the contrary more convincing, and we think the evidence outlined above was sufficient to justify the court in resolving the ambiguity in favor of the plaintiffs' contention that the reference to the approval of the loan was meant to fix a convenient time for payment and not to embody a condition limiting the liability of the defendants. If the approval of the loan was a condition at all, it was one which the defendants, in effect, warranted would occur and assumed the risk of its nonoccurrence. See 6 Williston on Contracts 5416, § 1934.

We are aware of the rule that clear, cogent, and convincing evidence is necessary to sustain the reformation of an instrument on the ground of mutual mistake. *Akers v. Sinclair*, 37 Wn. (2d) 693, 226 P. (2d) 225. However, a mere denial that a mistake was made will not defeat an action for reformation, nor is it necessary that the plaintiff's proof be uncontradicted. *Akers v. Sinclair, supra.*

Here, we are asked to consider an instrument which, on its face, is not free from ambiguity. When read in conjunction with the earnest-money agreement in which it was incorporated by reference as a "personal demand note," that ambiguity increases. When it is considered that the second earnest-money agreement is an unqualified undertaking to purchase, with a provision for liquidated damages in the

event of a breach by the purchaser, the only reasonable conclusion to be reached is that, as the trial court found, an unconditional liability was intended.

The judgment is affirmed.

HILL, C. J., DONWORTH, and HUNTER, JJ., concur.

FOSTER, J., dissents.

April 14, 1958. Petition for rehearing denied.