**Wilbur E. DOW, Jr., Plaintiff-Appellant,**

v.

**Max H. WYMAN, Defendant-Appellee.**

**No. 71-2948.**

United States Court of Appeals,
Ninth Circuit.

Feb. 21, 1974.

Rehearing Denied March 20, 1974.

DeWitt Williams (argued), J. Kenneth McMullin of Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for plaintiff-appellant.

William R. Smith (argued), William V. Vetter of Graham, McCord, Dunn, Moen, Johnston & Rosenquist, Seattle, Wash., for defendant-appellee.

Before HUFSTEDLER and KILKENNY, Circuit Judges and TAYLOR,* District Judge.

## OPINION

FRED M. TAYLOR, District Judge:

This diversity action was instituted by plaintiff, Wilbur E. Dow, Jr. (appellant), a lawyer of long standing in the State of New York, against defendant, Max H. Wyman (appellee), a citizen of the State of Washington, to recover $25,000 attorney fees claimed to be due and owing under and pursuant to a property settlement agreement, dated January 23, 1970, made and entered into by and between the appellee and his wife, Karen Wyman.

Subsequent to appellee's answer raising several defenses, including the defense that appellant's right to payment of attorney fees was subject to an unfulfilled condition precedent, the appellee moved for a summary judgment. The district court concluded that the agreement was not ambiguous and that any right appellant may have had thereunder was subject to an unfilled condition precedent. Summary judgment was rendered for appellee and this appeal is from said judgment which we are constrained to affirm.

Marital difficulties having arisen between appellee and his wife, Karen Wyman, both of Seattle, Washington, and after having been separated for several months, Mrs. Wyman contacted appellant and employed him to assist her with her marital problems. Thereafter, appellant, as Mrs. Wyman's attorney, negotiated a

---

* District of Idaho, sitting by designation.

separation and property settlement agreement between Karen Wyman and appellee, resulting in the drafting of a written agreement by appellant and the appellee's attorney. The final draft of the agreement was executed by appellant's client, Karen Wyman, and the appellee on January 23, 1970 in the State of Washington.

The preamble to the agreement provides:

"WHEREAS differences have arisen between M. H. Wyman of Seattle, Washington, and his wife, Karen Wyman of Seattle, Washington, as a result of which they have for some months been living separate and apart and an action for divorce has been or is about to be instituted in the State of Idaho by Mrs. Wyman against Mr. Wyman, the following agreement settling the property rights of the parties is entered into, *to become effective upon the granting of a divorce decree in the said Idaho action.*" [emphasis added]

Paragraph 12 of the agreement provides:

"12. Mr. Wyman shall pay to Wilbur E. Dow, Jr., attorney for Mrs. Wyman, an attorney's fee of Twenty-Five Thousand and No/100 Dollars ($25,000), *said payment to be made in full when the said Idaho Divorce Decree is granted.*" [emphasis added]

And the concluding paragraph of the agreement provides:

"This separation agreement, a copy of which is retained by each of the parties hereto, *shall become effective upon the granting of the said Idaho Divorce Decree and shall thereupon be binding upon the parties hereto* and their respective heirs and legal representatives." [emphasis added]

The services of appellant, in behalf of Mrs. Wyman, terminated upon the execution of the agreement. Appellant was not at any time requested to and did not perform services for and in behalf of appellee.

Following the execution of the agreement, Karen Wyman went to Sun Valley, Idaho as contemplated, for the purpose of establishing the required residence to obtain an Idaho divorce. A few days prior to establishing her required six weeks residence in Idaho, she and appellee were reconciled, at which time she returned to Seattle with appellee in his airplane. Although Mrs. Wyman had employed an Idaho lawyer to institute the divorce proceedings, no such proceedings were ever instituted in Idaho. It appears that the reconciliation failed and on May 18, 1971, Karen Wyman brought a divorce action in the State of Washington, which action, so far as we are aware, is still pending.

Appellant contends that there are genuine issues as to material facts which should have been resolved after a trial and therefore the district court erred in rendering a judgment as a matter of law. We disagree.

■ Admittedly, the appellant's action is predicated upon the written agreement to which he is a third party beneficiary. The issue then is whether under the terms and conditions of the agreement of January 23, 1970, the appellant is entitled to recover the attorney fees specified in the agreement from the appellee. The district court held that the agreement was unambiguous in regard to the payment of attorney fees to appellant by appellee for the services rendered by appellant to Karen Wyman in obtaining the property settlement. It is well settled that the determination of whether a written instrument is ambiguous is a question of law for the court. See Dale v. Preg, 204 F.2d 434, 435, 14 Alaska 299 (9th Cir. 1953); Underwriters at Lloyd's of London v. Cordova Airlines, Inc., 283 F.2d 659, 663, fn. 6 (9th Cir. 1960), and Central Credit Collection Control Corp. v. Grayson, 7 Wash.App. 56, 499 P.2d 57, 59 (1972).

It is abundantly clear that the agreement prescribes the conditional nature of appellee's obligation to pay appellant the attorney fees in question. Obviously the payment of the fees was a part of the property settlement which, according

to the preamble to the agreement, did not become effective until a divorce was granted to Mrs. Wyman in an Idaho action for a divorce. Also, paragraph 12 of the agreement clearly states that appellee's obligation to pay the fees was conditioned on the obtaining of an Idaho divorce decree by Mrs. Wyman. In addition, the last paragraph of the agreement provides that the agreement was not to become effective until the granting of the Idaho divorce decree. Mrs. Wyman did not obtain an Idaho divorce decree as contemplated and consequently the condition of the agreement was not met in order to establish the obligation of appellee to pay the attorney fees to appellant.

■ We agree, as argued by appellant, that he is entitled to be paid for his services, rendered for and in behalf of Mrs. Wyman, but we disagree that under the terms of the agreement he is entitled to be paid by appellee. If, as argued by appellant, the appellee is obligated to pay the fees regardless of whether Mrs. Wyman obtained an Idaho divorce decree, the agreement could and should have so provided without specifically stating otherwise. It is not an uncommon occurrence for persons having marital difficulties to effect a reconciliation subsequent to a property settlement agreement and before a divorce decree is finally obtained. It clearly appears that appellant did not and could not expect appellee to pay his fees unless and until an Idaho divorce was obtained by his client, otherwise, the obligation of appellee to pay him would not have been contingent upon the granting of an Idaho divorce as provided in the agreement.

We affirm.

KILKENNY, Circuit Judge (dissenting):

Keeping in mind that the legal services were completely performed, that the value of the services had been definitely determined and that *only the payment* of the $25,000.00 was postponed, I would hold that the language of Item 12 [1] is sufficiently ambiguous to permit the introduction of parol evidence. In these circumstances, a trial is necessary in order to determine the situation and intention of the parties, their relation to the subject matter and the purpose to be accomplished by the language of the instrument. Closely in point is Noord v. Downs, 51 Wash.2d 611, 320 P.2d 632 (1958). Bank of America Nat'l Trust & Savings Ass'n v. Engleman, 101 Cal. App.2d 390, 225 P.2d 597, 599 (1950), cited with approval in *Noord*, is also in point. If a trial were had, the court might well resolve the ambiguity in favor of appellant's contention that the language of the item was meant to fix a convenient time for payment and not for the purpose of embodying a condition limiting the liability of the appellee. The evidence might well convince the trier of the facts that if the language created a condition, it was one which appellee, in effect, warranted would occur and assumed the risk of its non-occurrence. *Noord, supra,* p. 615 of 51 Wash.2d, 320 P.2d 632.

Appellant's rights under the agreement should be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when the parties executed the contract. Conditions precedent are not favored and the courts will not construe stipulations as conditions precedent unless required to do so by plain, unambiguous language. United States v. Schaeffer, 319 F.2d 907, 911, (CA 9, 1963), cert. denied 376 U.S. 943, 84 S.Ct. 798, 11 L.Ed.2d 767 (1964).

Since, in my opinion, this is not a proper case for the entry of a summary judgment, Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), I would reverse and direct a trial in conformity with the principles stated in *Noord*.

1. "Mr. Wyman shall pay to Wilbur E. Dow, Jr., attorney for Mrs. Wyman, an attorney's fee of $25,000, said payment to be made in full when the said Idaho divorce decree is granted."