IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CHERI ABEL JOHNSON, | ) | |
| | ) | No. 30962-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRAME, LLC, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, A.C.J. — Cheri Abel Johnson was granted summary judgment that a

right of first refusal to purchase real property she granted to Frame LLC had expired,

despite evidence that the parties' written agreement might have failed to reflect their

actual understanding. Evidence presented by the LLC demonstrated a material dispute.

Summary judgment in Ms. Johnson's favor is reversed and the case remanded for trial.

FACTS AND PROCEDURAL BACKGROUND

In 2000, Cheri Abel Johnson sold a portion of real property she owned in

Columbia County to Frame LLC, whose members were then David and Harleen Frame,

husband and wife. In connection with the sale, David Frame asked that the LLC be given

a right of first refusal to acquire property Ms. Johnson was retaining, which was

contiguous. She agreed. Mr. Frame's attorney, Scott Marinella, drafted the closing documents that included a freestanding right of first refusal.

The parties' dispute concerns the duration of the right of first refusal. The sentence of the right that addresses duration reads:

> These rights shall be for a term of (1) ten years from the date hereof, or (2) for as long as David E. Frame and Harleen M. Frame are members of Frame, LLC and Frame, LLC owns lands adjacent to lands owned by Cheri Lynn Abel [Johnson] . . . , whichever is greater.

Clerk's Papers (CP) at 7. The right of first refusal states that it "contains the entire agreement between the parties." *Id.*

Before the closing, Mr. Marinella circulated draft documents including the right of first refusal. After reviewing the documents, Mr. Frame sent an e-mail to Mr. Marinella stating that he and Ms. Johnson had "agreed to language in the First Refusal that requires Harleen *and/or* I to be a member of Frame, LLC for it to be exercisable. Otherwise the language is OK." CP at 19 (emphasis added). Mr. Marinella responded by e-mail several minutes later, "Ok, the Right of First Refusal and other documents will be ready for your signatures at the settlement Closing tomorrow." *Id.*

Ms. Johnson argues that she was not copied on the e-mail and never saw it, and that her only agreement with Mr. Frame was the agreement reflected in the right of first refusal signed by the parties: that the term of the right was 10 years or so long as both David and Harleen Frame were members of the LLC. Whatever the true facts, the

change requested by Mr. Frame was not reflected in the final version of the right of first refusal executed by the parties.

The duration provision has become material because Harleen Frame died several years after the parties entered into the right of first refusal, and in 2011 Ms. Johnson decided to sell her property to a third party. In a seller's disclosure statement she completed in March 2011, she indicated that the property was subject to a right of first refusal. After Mr. Marinella expressed a contrary opinion, however, she commenced this action, seeking a declaration that the right was no longer in effect. The LLC counterclaimed, alleging that "due to oversight, inadvertence or mutual mistake—and contrary to the true intention of the parties—or subsequent alteration then unknown by Frame" the executed right failed to reflect the parties' actual agreement. CP at 15. It sought a declaration that it continued to enjoy a right of first refusal.

Ms. Johnson moved for summary judgment, supporting her motion with her affidavit stating that she never agreed to the "and/or" language.

The LLC opposed the motion, supporting its opposition with Mr. Frame's declaration recounting the history of his and Ms. Johnson's negotiations and stating that she had agreed to the "and/or" language. The LLC also submitted the declaration of Garry Snyder, a real estate broker with whom Ms. Johnson had listed her property in 2011, in which Mr. Snyder stated that "[f]rom my discussions with Ms. Johnson at the time she listed the property and completed her seller's disclosure statement, it was clear

3

to me that she regarded the Frame, LLC right of first refusal on the property to valid [sic] and in place." CP at 57.

Ms. Johnson countered with a letter from Mr. Marinella stating that he disagreed with the LLC's position that the right of first refusal still existed, in view of the fact that the right did not speak of David E. Frame "and/or" Harleen M. Frame. CP at 110.

Both Ms. Johnson's and Mr. Frame's declarations referred to the fact that a real estate purchase and sale agreement that preceded the closing by several months had contained its own provision dealing with the right of first refusal contemplated by the parties. The duration of the right in that agreement was couched in somewhat different language. That language had provided, as to duration, that

> [t]hese rights shall be the greater of; [sic] ten years from the date hereof or, for as long as Frame owns lands adjacent to lands owned by [Johnson] described in this paragraph 12.

CP at 69.[1] Ms. Johnson testified that the change in the language to refer to the Frames' continued membership in the LLC was Mr. Frame's idea. Mr. Frame testified that Ms. Johnson had asked that the duration be limited by only *his* continued membership and, after discussing it with his wife, they countered with the suggestion that it be limited by either Mr. or Ms. Frame continuing to be a member.

---

[1] Ms. Johnson's declaration reproduced this language, but with an error; she mistakenly omitted the "or."

The trial court granted Ms. Johnson's motion for summary judgment and declared that Ms. Johnson could offer and sell her property to any third party without obligation to offer it to the LLC. The LLC appeals.

## ANALYSIS

The LLC contends on appeal that summary judgment was improper because there was a genuine issue of material fact whether the language limiting the duration of the right of first refusal to David "and" Harleen Frame's continued membership was the result of a scrivener's error or mistake. Alternatively, it argues that there was a genuine issue of fact whether the passing of Harleen Frame's membership interest to Mr. Frame as a trustee under her will either substantially satisfied the condition of her continued membership; "excuse[d] strict application" of a condition; or should be deemed, as an equitable matter, to excuse a condition to avoid a forfeiture. Br. of Appellant at 5-6.

The LLC provides no legal authority for any of the last three arguments and we know of none. It presented sufficient evidence in support of a claim for reformation to preclude summary judgment, however.

We address the arguments in turn.

I

Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may reform the writing to express the agreement. RESTATEMENT

5

(SECOND) OF CONTRACTS § 155 (1981); *Browning v. Howerton*, 92 Wn. App. 644, 648 n.1, 966 P.2d 367 (1998) (citing the *Restatement*). Cases granting relief under such circumstances often speak of "scrivener's errors" or similar terms that point up the mistake as one of transcription of the parties' actual agreement. RESTATEMENT § 155, Reporter's Note cmt. a (the comment cites, among other cases, *Snipes Mountain Co. v. Benz Bros. & Co.*, 162 Wash. 334, 298 P. 714 (1931); *Rolph v. McGowan*, 20 Wn. App. 251, 579 P.2d 1011 (1978)); *W. Coast Pizza Co. v. United Nat'l Ins. Co.*, 166 Wn. App. 33, 41, 271 P.3d 894 (2011) (mutual mistake); *Wilhelm v. Beyersdorf*, 100 Wn. App. 836, 843-44, 999 P.2d 54 (2000) (scrivener's error).

The party seeking reformation bears the burden of establishing facts demonstrating the parties' identical intention and the material variance from that intention in their written agreement by clear and convincing evidence. *Maxwell v. Maxwell*, 12 Wn.2d 589, 593, 123 P.2d 335 (1942) (citing RESTATEMENT OF CONTRACTS § 511, at 981 (1932)).

Ms. Johnson argues that reformation is not appropriate when the parties' intentions conflict and that her and Mr. Frame's declarations establish their directly conflicting intentions: she did not agree to "and/or" language, whereas Mr. Frame claims he did.

While reformation requires proof by clear, cogent, and convincing evidence, that standard does not require that the proof of the party seeking reformation be uncontradicted. *Rolph*, 20 Wn. App. at 256 (citing *Noord v. Downs*, 51 Wn.2d 611, 615,

320 P.2d 632 (1958)). Ms. Johnson ignores the fact that Mr. Frame has testified that she, too, agreed to the "and/or" language in 2000. His position is that her contrary position now is either mistaken or untruthful. In reviewing a decision on summary judgment, we view all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Mr. Frame's position that Ms. Johnson agreed to the "and/or" language in 2000 is supported not only by his testimony as to his and her direct negotiations, it finds further support in his contemporaneous e-mail to Mr. Marinella; his explanation of why the parties had modified the language of the purchase and sale agreement (whose language had favored Frame); and Ms. Johnson's completion of the seller disclosure form and conversations with Mr. Snyder, indicating that her property was subject to a right of first refusal.

Ms. Johnson also argues that any contention of scrivener's error or mistake is defeated by a letter written by Mr. Marinella in 2011, stating his disagreement with the LLC's position. Notably, Mr. Marinella does not address in his letter whether he failed to accurately document the parties' agreement, he speaks only to the legal effect of the right of first refusal as prepared and signed. The LLC's claim for reformation recognizes that, as drafted, the language does not support the continuing effectiveness of its right of first refusal—hence the need to reform it. And whatever Mr. Marinella's position, he is only

7

one witness, whose testimony does not automatically trump other evidence suggesting he might have made a drafting error.

Ms. Johnson finally argues that the e-mail between Mr. Frame and Mr. Marinella was improper extrinsic evidence and should not be considered, urging that "[t]he parol evidence rule precludes the use of extrinsic evidence to add to, subtract from, modify, or contradict the terms of a fully integrated written contract; that is, a contract intended as a final expression of the terms of the agreement." *Brogan & Anensen, LLC v. Lamphiear*, 165 Wn.2d 773, 775, 202 P.3d 960 (2009) (citing *DePhillips v. Zolt Constr. Co.*, 136 Wn.2d 26, 32, 959 P.2d 1104 (1998)).

The parol evidence rule is inapplicable in actions for reformation, however. *Leonard v. Wash. Emp'rs, Inc.*, 77 Wn.2d 271, 278, 461 P.2d 538 (1969). In such cases parol evidence must be admitted, in order to determine whether there was a mutual understanding preceding the writing, and if so, what that mutual understanding was. *Id.*

On an appeal from summary judgment, the standard of review is de novo, and we perform the same inquiry as the trial court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is proper only if the pleadings, affidavits, answers to interrogatories, admissions, and depositions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c).

8

Here, the LLC's evidence presented a genuine issue of material fact whether it was entitled to reformation of the right of first refusal to reflect the parties' 2000 agreement. Summary judgment resolving the parties' competing claims was inappropriate.

II

None of the LLC's remaining theories for the continued effectiveness of the right of first refusal are viable.

Setting aside for a moment the LLC's cause of action for reformation, the use of words used in a contract that are not ambiguous and have not been shown to be subject to more than one reasonable construction supports a conclusion that the parties intended them to have their usual meaning. *See Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 697, 974 P.2d 836 (1999) (attributing to "plat" and "subdivision" the definitions given them by statute).

Under the statute governing Washington's limited liability companies, a "member" is defined as "a person who has been admitted to a limited liability company as a member as provided in RCW 25.15.115 *and who has not been dissociated from the limited liability company.*" RCW 25.15.005(8) (emphasis added). A person becomes dissociated and ceases to be a member of a limited liability company upon his or her death. RCW 25.15.130(1)(a).

Upon Harleen Frame's death, she ceased to be a member of the LLC and the right of first refusal as memorialized in the closing documents expired. While the grantee of

9

the right was the LLC and the right was, by its terms, freely transferrable, the fact that it could be transferred did not affect its duration. As drafted, the duration of the right depended on Harleen Frame remaining a member.

The LLC's effort to invoke the court's equitable authority is unpersuasive. While the law disfavors forfeiture and courts may grant a period of grace to a purchaser before forfeiture will be decreed, this was not a forfeiture. At issue is what duration the parties intended the right of first refusal to have. Ms. Johnson is entitled to limit the duration of the right to the time frame to which she agreed. Cases dealing with forfeiture are inapposite.

Cases dealing with the court's authority to excuse the nonoccurrence of an immaterial condition also have no application. A condition "is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." RESTATEMENT (SECOND) § 224. A provision establishing the duration of the parties' rights and obligations is not a condition.

While the trial court erred in rejecting the LLC's claim for reformation, it properly rejected the LLC's theories of a continuing right to exercise the right of first refusal on other grounds.

10

No. 30962-2-III
*Johnson v. Frame LLC*

We reverse the trial court's "Order on Plaintiff's Motion for Summary Judgment."

We remand for trial of Ms. Johnson's request for declaratory relief and Frame LLC's

counterclaim for reformation.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

11